**IN THE U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GMI GROUP, INC., | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | CASE NO. 19-52577-PMB |
| | ) | |
| GMI GROUP, INC., | ) | ADVERSARY PROCEEDING |
| | ) | NO. 19-_____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIQUE FUNDING SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT (1) SEEKING INJUNCTION; (2) OBJECTING TO ANTICIPATED CLAIM; (3) RECOVERING PREPETITION TRANSFERS AND (4) SEEKING OTHER RELIEF**

COMES NOW, GMI GROUP, INC. ("Plaintiff" or alternatively, "Debtor" or "GMI"), Debtor and Debtor in Possession in the above styled case, and files this Complaint against UNIQUE FUNDING SOLUTIONS, LLC ("Defendant") and respectfully shows the Court as follows:

**PARTIES, JURISDICTION
AND VENUE**

1.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) including 28 U.S.C. § 157(b)(2) (A)(B)(F)(K) and (0).

2.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

1

3.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, as this is an adversary proceeding arising in and related to the Debtor's Chapter 11 Case, Case No. 19-52577-pmb, which is pending in the Bankruptcy Court for the Northern District of Georgia, Atlanta, Division.

4.

This adversary proceeding is brought pursuant to 11 U.S.C. §§ 501, 502, 506, 510, 542, 547, 548, 550, and 551 of the United States Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure and other applicable statutes and laws.

5.

GMI as the Debtor in possession has the rights, powers and duties of a Trustee. 11 U.S.C. § 1107 and 704.

6.

Defendant is a New York Limited Liability Company with its principal place of business in Brooklyn, Kings County, New York. Defendant is subject to jurisdiction and venue in this Court and may be served by mailing a copy of the Complaint and Summons by first class mail to it at the listed DOS Process address listed with the New York Secretary of State at 1672 East 22nd Street, Suite 5A, Brooklyn, NY 11229 (the listed registered agent with the NYS Department of State, Division of Corporations is "none"); care if its counsel, who has actively and aggressively been pursuing collection activity against Debtor prior to filing as further described below: Joe Lieberman, Esq., The Law Firm of Joe Lieberman, P.C., 815 Central Avenue, Lawrence, Nassau County, New York 11559 and at joe@liebermanlegal.com; and to Defendant at the address noted in the Transaction documents at 2715 Coney Island Avenue, Brooklyn, Kings County, New York 11235 in accordance with Fed.R.Bankr.P. 7004(a)(3).

2

## SUMMARY OF MATERIAL FACTS

7.

GMI is a Georgia Subchapter S Corporation that provides janitorial services across the southeastern United States, with its principal place of business in Lawrenceville, Gwinnett County, Georgia.

8.

GMI and Defendant entered into a transaction dated October 3, 2018. A true and correct copy of the transaction documents are attached hereto as Exhibit "A" (hereinafter referred to as the "Transaction Documents"; the transaction dated October 3, 2018 is hereinafter referred to as the "Transaction").

9.

The Transaction Documents, prepared by Defendant, are titled "Agreement for the Purchase and Sale of Future Receivables."

    a.    The Transaction Documents provide for a "Purchase Price" in the amount of $75,000.00 at a "Purchase Amount" of $111,750.00.

    b.    Debtor received $75,000.00 in cash from the Transaction.

    c.    The daily repayment on the Transaction is in the amount of $1,117.00 per day. The Transaction contemplates a financing fee in the amount of 17% in addition to a 3,000.00 origination fee (or up to 10% to be deducted from the purchase price).

    d.    Pursuant to Paragraph 1, GMI must deposit all Further receipts into a single bank account for processing solely by Defendant.

    e.    Paragraph 3 provides that upon default, the daily amount shall equal 100% of defined Future Receipts.

  f. Paragraph 4 seeks to define the Transaction as "NOT A LOAN" but as a "Sale of Future Receipts."

  g. Paragraph 4 denotes a deliberate failure to define an interest rate; a payment schedule; or a time period for repayment.

  h. Paragraph 13 provides GMI will use its best efforts to continue its business …. to "ensure" that Defendant "receives its Purchased Amount."

  i. Paragraph 14.1 provides Defendant with Financing Statements and a Security Interest in all GMI's "present and future accounts, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment, inventory wherever located, and proceeds, now or hereafter owned or acquired…."

  j. Paragraph 20 provides for New York law to apply to the Transaction.

10.

Kayla Dang, CEO, personally guaranteed the indebtedness.  a UCC Financing Statement was filed on or about October 25, 2018.  The entity listed with the lien on the UCC1 is either CLS-CTLS, Lien Solutions at PO Box 29071, Glendale, CA or CT Corporation, Systems as representative of an unidentified party.  It is not clear who the secured party is on this UCC financing statement.

11.

On November 16, 2018, Defendant obtained a confessed judgment against GMI in the Supreme Court of the State of New York, County of Ontario, Civil Action No. 18-121338. The amount of this judgment was entered for $136,967.62, including attorney's fees in the amount of $33,928.62, and reflects interest at the rate of 16% per annum.  The confessed judgment is attached as part of the Transaction Documents in Exhibit "A". ( the "Confessed Judgment").

12.

An analysis of the Confessed Judgment judicially admits the following facts, in that it is a pleading filed by Defendant in the state court in its own favor, supplemented with additional facts as verified by Plaintiff with this Complaint:

a. Defendant received $8,936.00 in payments.

b. Defendant received an additional $7,819.00 in payments resulting in total payments of $16,755.00.

c. Defendant absolutely expected to receive full payment on its debt on the underlying contract in the full amount of $111,750.00.

d. The Confessed Judgment was supported by an affidavit of Defendant.

e. The time between the October 3, 2018 Transaction Documents and the November 16, 2018 Confessed Judgment was 44 days.

f. GMI received funds on August 10, 2018 in the amount of $75,000.00.

g. Defendant failed to pay $102,814.00 in principal alone, as of November 16, 2018 (at day 44) on $111,750.00 over 44 days.

h. Defendant is demanding a minimum of 49% interest over 44 days, which annualizes into approximate 400% APR without factoring miscellaneous fees into the equation.

i. Defendant sought to garnish GMI's accounts without registering or domesticating the Confessed Judgment in Georgia and Florida. True and correct copies of notices filed on customers are included with Exhibit "A."

j. The garnishment was never served on GMI.

k. Defendant efforts to garnish was a proximate cause of GMI's chapter 11 filing.

l. The garnishment caused harm to Debtor, including the loss of customers.

m. By virtue of the Confessed Judgment, coupled with collection efforts against customers and the existence of a personal guaranty on the indebtedness, Defendant acknowledges that the principal sum of the Transaction is repayable absolutely.

13.

The Transaction is a loan under New York law because there is a borrower, GMI, and a lender, Defendant.

14.

The actual purpose of the Transaction was for Defendant to loan money to GMI and for GMI to borrow money from Defendant at an interest rate over 25% per annum.

15.

Defendant always knew, or had reason to know, that the Transaction bore interest at a rate higher than 25% per annum.

16.

Defendant always knew, or had reason to know, that the GMI would pay Defendant interest at a rate higher than 25% per annum on all funds received from the Transaction between GMI and Defendant.

### COUNT I
### CRIMINAL USURY

17.

GMI hereby re-alleges and incorporates the allegations contained in paragraphs 1 through 16 of this Complaint as if the same were set forth herein verbatim.

18.

A transaction cloaked as a purchase of a party's receivables may constitute a usurious loan if "the principal sum advanced is repayable absolutely." *Merchant Funding Services, LLC v. Volunteer Pharmacy Inc.*, 55 Misc.3d 316, 321 (2016). Defendant's principal sum was repayable

6

absolutely, and the Transaction constituted a loan. Defendant knowingly charged, took or received annual interest exceeding 25% on a loan which makes the loan usurious.

19

The loan and the Transaction are *void ab initio*.

20.

As a penalty for charging interest in excess of 25% per annum, Defendant, under New York Law, must sacrifice the principal and interest on the Transaction.

21.

The Transaction is Criminally Usurious resulting in the following relief to GMI:

a. The Court vacating the Confessed Judgment in both New York and Georgia and anywhere else it has been entered;

b. The Court voiding the Transaction Documents, including cancelling the filed UCC1 financing statement;

c. The Court declaring the Transaction an illegal loan and an illegal debt under New York law;

d. The Court enjoining the Collection of the underlying debt arising from the Transaction Documents, including but not limited to the principal debt on the Transaction Documents and on the Guaranty;

e. The Court should require to Defendant to disgorge, rebate, turn over, to the Plaintiff all sums paid under the Transaction Documents, the same being a minimum $16,755.00 as property of the bankruptcy estate plus penalties and attorney's fees; and

f. Defendant being declared to be adequately protected in this Chapter 11 case by virtue of its receipt of prepetition payments, in the amount of $16,755.00 on a cash advance of $75,000.00, such that no further adequate protection payments of its

prepetition position is necessary by Debtor so long as the lien has not been voided and declaring and determining that no adequate protection is required once the lien has been voided.

## COUNT II
## UNJUST ENRICHMENT

22.

GMI hereby re-alleges and incorporates the allegations contained in paragraphs 1 through 21 of this Complaint as if the same were set forth herein verbatim.

23.

There is a lack of adequate remedy under the law.

24.

Defendant financially benefitted at the GMI's expense from the Transaction and "equity and good conscience" require restitution in the amount of at least $16,755.00 as well as damages caused by the loss of business to GMI.

## COUNT III
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
(Pursuant to 11 U.S.C. §§ 547 and 550)

25.

GMI incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 16 of this Complaint.

26.

Sections 547(b) and 550(a) of the Bankruptcy Code empower the Debtor in possession for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

27.

Pursuant to section 547(b) of the Bankruptcy Code, GMI may avoid any transfer of an

8

interest of the debtor in property:

   a. To or for the benefit of a creditor;

   b. For or on account of an antecedent debt owed by the debtor before such transfer was made;

   c. Made while the debtor was insolvent;

   d. Made: (A) one or within 90 days before the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

   e. That enables such creditor to receive more than such creditor would receive if: (A) the case was a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

28.

During the 90-day period prior to the Petition Date (the "Preference Period"), Debtor may have made one or more transfers by check, cash, wire transfer, or its equivalent, or otherwise, directly to or for the benefit of the Defendant (the "Preferential Transfers"). These payments include monies that Defendant sought to garnish from GMI's customers and GMI is seeking further information and the recovery of all such transfers. Furthermore, the Confessed Judgment itself was entered on November 16, 2018 and is a transfer subject to avoidance as a preference. To the extent the GMI discovers the existence of additional transfers to Defendant within the Preference Period, GMI intends to recover all such transfers, and this Complaint is not limited to those transfers disclosed as part of the defined term "Preferential Transfers."

29.

The Preferential Transfers were made on account of an antecedent debt as the Transfers was on account of a debt obligation for which Debtor was bound to pay Defendant before the

9

Transfers were made.

30.

Pursuant to section 547(f) of the Bankruptcy Code, Debtor is presumed insolvent during the 90-day Preference Period.

31.

Debtor was insolvent throughout the Preference Period within the meaning of sections 101(32)(A) and 547(b)(3) of the Bankruptcy Code, in that the sum of its debts was greater than the fair value of its assets.

32.

As a result of the Preferential Transfers, the Defendant received a greater percentage of its claim from Debtor than it would have if the Preferential Transfers had not been made and if the Defendant had participated in the distribution of the assets of the Estate with all the other creditors as provided by the provisions of the Bankruptcy Code.

33.

The Defendant is the initial transferee of the Preferential Transfers or the entity for whose benefit the Preferential Transfers were made.

34.

The Debtor in Possession may avoid all Preferential Transfers, including but not limited to the amount set forth in Paragraph 28 of this Complaint, made to Defendant from Debtor during the Preference Period pursuant to 11 U.S.C. § 547.

35.

Accordingly, the Debtor in Possession is entitled to avoid and recover the Preferential Transfers made to the Defendant, together with pre-judgment interest, as well as post-judgment interest as allowed by law from the date of the entry of the judgment until paid. 11 U.S.C. §§ 547, 550 and 551. In accordance with the foregoing, the Transfers are avoidable as preferential

transfers pursuant to 11 U.S.C. Section 547(b). To the extent the Transfers are avoided, they may be recovered by Plaintiff pursuant to 11 U.S.C. Section 550.

## COUNT IV
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
**(Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)**

36.

GMI incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 16 of this Complaint.

37.

Section 548(a)(1)(B) of the Bankruptcy Code empowers GMI, for the benefit of the estate, to avoid a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

38.

Pursuant to section 548(a)(1)(A) of the Bankruptcy Code, GMI may avoid a transfer to a creditor of an interest of the debtor in property if such transfer is made on or within two years of the filing of the bankruptcy petition with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted.

39.

On or within two years of the Petition Date, Debtor made transfers of money or property of Debtor to or for the benefit of Defendants, in an amount of not less than $16,755.00 including, those transfers identified as Preferential Transfers above (such transfers, collectively, the "Fraudulent Transfers"). To the extent that GMI discovers the existence of additional transfers to Defendants on or within the two years prior to the Petition Date, GMI intends to recover all such transfers, and this Complaint is not limited to those transfers disclosed as part of the defined term "Fraudulent Transfers."

40.

Each of the Fraudulent Transfers was made with actual intent to hinder, delay, or defraud an entity or entities to which Debtor was or became indebted on or after the date of the Fraudulent Transfers.

41.

Debtor transferred to Defendant funds totaling $16,755.00 (the "Fraudulent Transfers") within two years before the Petition Date beginning with daily $1,117.00 direct debit repayments to Defendant after the inception of the Transaction in August 2018, which accumulated to $8,936.00 in the repayments set forth in the Confessed Judgment, plus the additional $7,819.00 paid by GMI.

42.

At all times relevant hereto, Debtor was insolvent on the date of each Fraudulent Transfer or intended to incur, or reasonably should have believed that Debtor would incur debts that would beyond Debtor's ability to pay as such debts matured. Defendant did not act in good faith.

43.

Defendant knew or should have known that Fraudulent Transfers were fraudulent.

44.

Defendant failed to conduct any due diligence prior to accepting the Fraudulent Transfers.

45.

Accordingly, pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code, GMI is entitled to avoid and recover the Fraudulent Transfers from Defendant together with pre-judgment interest, as well as post-judgment interest as allowed by law from the date of the entry of the judgment until paid.

## COUNT V
### CLAIM TO DETERMINE VALIDITY, PRIORITY OR EXTENT OF SECURITY INTERESTS

46.

GMI incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 45 of this Complaint.

47.

The Court's determination of the validity, priority, or extent of a creditor's liens asserted against property of the estate is a core proceeding under 11 U.S.C. Section 157(b)(2)(k).

48.

The Court may declare the rights of any interested party seeking the declaration, and the declaration shall have the force and effect of a final judgment. 28 U.S.C. Section 2201(a).

49.

Pursuant to Federal Rule of Bankruptcy Procedure 7001(2), the Court can entertain a declaratory action to determine the priority, validity, or extent of a lien or other interest in property of the estate.

50.

A declaratory judgment provides a remedy to a party who is uncertain of its rights and seeks the court's determination of those rights.

51.

Defendant has filed a UCC 1 against Debtor and has a Confessed Judgment as noted in Paragraphs 9-11 above.

52.

The Transaction is Criminally Usurious.

53.

13

Criminally Usurious transactions results in the Transaction being void *ab initio*. Accordingly, there is no debt upon which either the UCC1 security interest or underlying Confession of Judgment may attach.

54.

The value of the secured claim is $0.00 upon the voiding of the Transaction.

55.

The declaratory judgment sought by GMI is not duplicative of other matters to be resolved as part of the claims in this action. Of necessity in fact is the Court's resolution of these issues at the outset of this action is necessary to the Court's determination of the remaining claims brought herein.

56.

A judicial determination and declaration are therefore required to declare that Defendant does not have a secured position in any collateral in this case and that GMI is the sole owner of the underlying prepetition collateral.

57.

Pursuant to Federal Rules of Civil Procedure 57, the Court may order a speedy hearing on this declaratory judgment action.

### COUNT VI
### CLAIM ISSUES

58.

GMI incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 16 of this Complaint.

59.

11 U.S.C. Section 501 enables a Debtor to file a proof of claim. The Debtor in Chapter 11 can schedule a creditor as Defendant is listed on Schedule D. 11 U.S.C. Section 502(a) provides

that any proof of claim "is deemed allowed, unless a party in interest … objects." Section 502(b) and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim.

60.

Defendant has not yet filed its proof of claim in this case. Debtor, however, has a need for the Court to review issues related to Defendant's claim in this case as set forth herein and to determine all issues related to Defendant and any and issues that may be related to any and all claims by and between the parties. Accordingly, to the extent necessary, Debtor hereby files, and then, objects, to the claim by Defendant by virtue of this Adversary Proceeding.

61.

In accordance with 11 U.S.C Section 502(d), the Court shall disallow the claim of a "transferee of a transfer avoidable" under 11 U.S.C. Section 547.

62.

11 U.S.C. Section 502(d) states further that "the court shall disallow any claim of any entity from which property is recoverable" under 11 U.S.C. Section 553.

63.

11 U.S.C. Section 502(b)(1) provides a claim shall be disallowed if the "claim is unenforceable against the debtor ... under any agreement or applicable law." The claim is unenforceable under the New York law that applies to this matter.

64.

Wherefore, Defendant's Claim should be denied and disallowed and any such Order on the Claim should be given equal effect as to any enforcement action on the enforcement of the Guaranty.

## COUNT VII
## UNCONSCIONABILITY

65.

GMI incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 16 of this Complaint.

66.

The Transaction Documents are unconscionable.

67.

The Transaction Documents were both procedurally and substantively unconscionable when made.

68.

The Transaction should not be enforced based on unconscionability. N.Y. Uniform Commercial Code 2-302 (2017).

## RESERVATION OF RIGHT TO AMEND

69.

GMI reserves the right to amend this Complaint pursuant to a requested accounting as well as other discovery should facts be discovered to justify the assertion of additional claims, including without limitation any and all claims arising under Title 11 of the United States Code or applicable state law.

WHEREFORE, Debtor, GMI, respectfully request that this Court enter a judgment against Defendant, Unique Funding Solutions, LLC and in favor of the Plaintiff, GMI Group, Inc. on all counts and Order that:

1) The October 3, 2018 Transaction between the Parties is Criminally Usurious, unjust and/or unconscionable, and:

   a. Declare the Transaction an illegal transaction;

16

b. Vacate the November 16, 2018 Confessed Judgment, in New York;

c. Vacate the November 16, 2018 Confessed Judgment in Georgia if entered and Vacate it anywhere else it has been entered;

d. Void the Transaction Documents, dated October 3, 2018;

e. Cancel the filed UCC1 financing statement and determine Defendant to be unsecured;

f. Permanently enjoin the collection of the underlying debt arising from the Transaction;

g. Permanently enjoin the collection of the guaranty of the indebtedness;

h. Enter a judgment in favor of GMI Group, Inc. requiring Unique Funding Solutions, LLC to rebate all sums paid under the Transaction Documents, the same being a minimum $16,755.00 as property of the bankruptcy estate along with any other sums determined to have been collected;

i. Enter an order of turnover requiring Defendant to immediately return the $16,755.00 paid by GMI to it as property of the estate along with any other sums determined to have been collected;

j. Determine that Defendant is adequately protected in this Chapter 11 case by virtue of its receipt of prepetition payments, in the amount of $16,755.00 on a cash advance of $75,000.00, such that no further adequate protection payments of its position are necessary by Debtor and, that, upon the avoidance of Defendant's lien that no adequate protection is necessary;

k. Require Defendant to pay damages to GMI for damages to GMI for collections efforts in the loss of business Defendant sustained in an amount to be determined; and

l. Require an accounting of all sums paid.

17

2)     Award GMI attorney's fees and costs incurred in this matter;

3)     That the Preferential Transfers, including the Confessed Judgment, be avoided and GMI recover from Defendant the value of the transfers made, plus interest from date of filing of this action;

4)     That Fraudulent Transfers be avoided under Federal and GMI recover from Defendant the value of the transfers, in the minimal amount of $16,755.00 plus interest from date of filing of this action;

5)     GMI's claim objection be sustained;

6)     Determine the value of Defendant's secured interest in collateral at $0.00, thereby avoiding the UCC1; and

7)     Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

STEINFELD & STEINFELD, PC.

/s/ Shayna M. Steinfeld
Shayna M. Steinfeld
State Bar No. 622895
PO Box 49446
Atlanta, Ga 30359
(404) 636-7786; fax (404)636-7786
Shayna@steinfeldlaw.com
**Attorneys for Plaintiff, GMI Group, Inc.**

IN THE U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GMI GROUP, INC., | ) CHAPTER 11 |
| | ) |
| Debtor. | ) CASE NO. 19-52577-PMB |
| _____ | )_____ |
| | ) |
| GMI GROUP, INC., | ) ADVERSARY PROCEEDING |
| | ) NO. 19-_____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNIQUE FUNDING SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## VERIFICATION

Kayla Dang states under penalty of perjury that the facts and allegations contained in the Complaint are true and correct.

_____
Kayla Dang

Sworn and subscribed before me
This 6 day of March, 2019

_____
[Notary seal: URAI INTHAVONG, Notary Public, Gwinnett County, Georgia, Commission expires October 13, 2020]