IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>GMI GROUP, INC.,<br><br>    Debtor.<br>_____<br><br>GMI GROUP, INC.,<br><br>    Plaintiff,<br>v.<br><br>UNIQUE FUNDING SOLUTIONS, LLC,<br><br>    Defendant.<br>_____ | )<br>)  CHAPTER 11<br>)<br>)<br>)  CASE NO. 19-52577-PMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  AD. PRO. NO. 19-05138-pmb<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT**

COMES NOW, Defendant, Unique Funding Solutions, LLC ("Unique") and files this Motion to Dismiss Adversary Proceeding, or in the alternative, Summary Judgment (the "Motion") and states as follows:

## **UNDISPUTED MATERIAL FACTS**

1.

It is undisputed that on October 3, 2018, GMI Group, Inc. (the "Debtor") sold its accounts receivables to Unique under that certain Agreement for the Purchase and Sale of Future Receivables (the "PSA").

2.

As part of the PSA, GMI agreed to operate its business in good faith and use its best efforts to maintain and grow its business, and to not change the designated bank account. Complaint para. 9(h).

3.

Also as part of the PSA, GMI agreed to ensure that Unique had access to debit the designated bank account on each business day. Complaint para. 9 (d).

4.

GMI received $75,00.00 from Unique. Complaint para. 9(b). Unique collected only $16,755.00 of GMI's receivables. Complaint para. 12(b).

5.

GMI opened another bank account and denied Unique access to the new account.

6.

The PSA is governed by New York law. Complaint para. 13.

7.

GMI made no payments to Unique within the 90-day preference period.

8.

GMI represented and warranted to Unique that is was solvent when it accepted $75,000 from Unique for GMI's receivables.

## MEMORANDUM OF LAW

### A. STANDARD

A movant is entitled to summary judgment where there is no material fact and that party is entitled to judgment as a matter of law. Summary judgment is appropriate where, as here, there is no dispute of material facts and the judgment is based on the legal conclusions of the documents.

### ARGUMENT

### COUNT I- CRIMINAL USURY

1. Criminal Usury is Not a Valid Claim Upon Which Relief May be Granted.

The crux of Plaintiff's complaint is that the parties' transaction was that of a criminally usurious loan. However, the undisputed facts, applied to applicable New York law, show the transaction is not a loan, much less a usurious one.

(a) New York Law Applies to the Purchase and Sale Agreement.

Georgia law does not apply to the parties' contract-New York law applies. (Plaintiff's Complaint-stating that New York law governs the Purchase and Sale Agreement.)

Under Georgia law, a contractual choice-of-law provision is enforceable unless the law of the chosen forum contravenes strong public policy- and Georgia's usury statute does not establish a strong public policy against two parties' contractually agreeing to apply another state's law. It is generally held that usury laws are not so distinctive a part of a forum's public policy that a court, for public policy reasons, will not look to another jurisdiction's law which is sufficiently connected[1] with a contract and will uphold the contract.") Georgia courts will enforce a choice-of-law provision-even if it is expressly designed to evade Georgia usury laws. Because the parties

---

[1] While it is sufficient that the parties contractually agreed to apply New York's law, *see, e.g., L'Arbalete* 474 F. Supp. 2d at 1321, the state of New York is also "sufficiently connected" to the contract, further putting the parties on notice that New York law applies, *see Cont'l Mortg. Inv'rs*, 395 So. 2d at 510 (stating it is well-established that a contract provision regarding interest will be held valid if allowed in a state "with which the contract has any substantial connection"). .

contractually agreed to apply New York law---and because there are no public policy reasons this Court should not look to that jurisdiction's usury laws---New York law applies to the Purchase and Sale Agreement and all addendums thereto.

> (b) Under applicable New York law, the Agreement is not a Loan and therefore does not Implicate Usury Law.

The Court should dismiss the complaint or grant summary judgement in favor of the Defendant because usury cannot exist where the parties' agreement is not a loan. *See NY Capital Asset Corp. v. F & B Fuel Oil Co., Inc.,* 2018 WL 1310218, 2018 N.Y. Slip Op. 50310(U), * 14 (N.Y. Sup.Ct. March 8, 2018) ("The rudimentary element of usury is the existence of a loan or forbearance of money and where there is no loan, there can be no usury."); *see also Zoo Holdings, LLC v. Clinton,* 2006 WL 297730, 2006 N.Y. Slip Op. 50167(U), *5 (N.Y. Sup. Ct. January 24, 2006) (stating same).

A transaction is not a loan unless it provides "for repayment absolutely." *Zoo Holdings,* N.Y. Slip Op. 50167(U), at *5 (citing *Rubenstein v. Small,* 273 A.D. 102,104 (N.Y. App. Div. 1947). The fact that a person "*might* yield a return above" the permissible rate does not transform an agreement into a loan. *Id.* "Moreover, in New York there is a predisposition…against declaring that contracts are usurious." *Wilkinson Floor Covering, Inc. v Cap Call, LLC,* 59 Misc. 3d 1226(A) (N.Y. Sup. Ct. 2018). "This is especially true with respect to commercial agreements, where 'usurious agreement[s] will not be presumed from facts equally consistent with a lawful purpose.'" *Id.*(quoting *Schaff v. Borsher,* 82 A.D. 2d 880, 880 (N.Y. App. Div. 1981).

New York courts have repeatedly held that where one business makes a lump-sum payment in exchange for a percentage of future sales or receivables of another (often referred to as a "purchase and sale agreement" or "merchant cash advance"), such transactions are (1) not loans and

(2) do not implicate usury laws. *See, e.g., Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.*, 252 F. Supp. 3d 274, 281 (S.D.N.Y. 2017) (holding that where a company sold $898,500 of its future receipts in exchange for upfront advances totaling $600,000, such a transaction was not a loan because the receipts were not payable absolutely); *K9 Bytes, Inc. v. Arch Capital Funding, LLC,* 57 N.Y.S.3d 625, 633-34 (N.Y. Sup. Ct.2017) (holding the agreement for the sale of future receivables was not a loan because repayment was contingent on the merchant's success and the term of repayment was indefinite); *IBIS Capital Group, LLC v. Four Paws Orlando LLC,* 2017 WL 1065071, 2017 N.Y. Slip Op. 30477(U), at *6-7 (N.Y. Sup. Ct. March 10, 2017) (dismissing plaintiff's usury defense and counterclaims as a matter of law because the purchase and sales agreement set forth contingencies under which the business would no longer be obligated to deliver payment because "[t]he distinguishing hallmark of a loan is the lender's absolute right to repayment of the principal"); *Merchant Cash & Capital, LLC v Yehowa Med. Servs., Inc.* 2016 N.Y. Misc. LEXIS 3065, 2016 NY Slip Op. 31590(U), *8 (N.Y. Sup. Ct., July 29, 2016) (denying an affirmative defense of criminal usury under a contract for the sale of future sale proceeds because contract was not a loan where the merchant was not required to make repayment if it did not produce daily revenue); *Professional Merchant Advance Capital, LLC v. Your Trading Room, LLC,* 2012 WL 12284924, N.Y. Slip Op. 33785(U), *12-14 (N.Y. Sup. Ct. November 28, 2012) (denying defendant's usury defense as the agreement was "to purchase future receivables for a lump sum discounted purchase price payable in advance by the plaintiff in exchange for a contingent return."); *Transamedia Rest Co., Inc. v. 33 E. 61st Rest. Corp.*, 710 N.Y.S.2d 756 (N.Y. Sup. Ct. 2000) (dismissing an affirmative defense of criminal usury where the agreement was a purchase of future sales proceeds for an upfront sum of money, stating "there can be no usury unless the principle sum advance is repayable absolutely").

In a case with a very similar contract, a New York court recently determined the agreement to purchase a merchant's future receivable was not a loan because the merchant's obligation to pay was conditioned on the merchant's receipt of the receivables. *Wilkinson Floor Covering, Inc. v. Cap Call, LLC*, 59 Misc. 3d 1226(A), *2 (N.Y. Sup. Ct. 2018). Likewise, in the instant action, Unique is exposed to the risk of Debtor's, non-payment. The Purchase and Sale Agreement provides: the requirement that Debtor conduct business in good faith and use its best efforts to grow business is not a guaranty of payment. There is no interest rate or payment schedule and no time period during which the Purchased Amount must be collected by Unique," Complaint para. 9(g). If Future Receipts are remitted more slowly than Unique may have anticipated or projected because Seller's[2] business has slowed down, or if the full Purchased Amount is never remitted because Seller's business went bankrupt or otherwise ceased operations in the ordinary course of business, and Seller has not breached this Agreement, Seller would not owe anything to Unique and would not be in breach of our default under this agreement. Unique is buying the Purchased Amount of Future Receipts knowing the risks of non-payment. Further, the Guaranty is only implicated if a breach of the Purchase and Sale Agreement occurs---and, again, nonpayment is not an event of default. Because the Purchase and Sale Agreement does not guarantee payment absolutely, it is not a loan and this court should deny Plaintiff's claim of criminal usury as a matter of law.

## COUNT II

### UNJUST ENRICHMENT

GMI received $75,00.00 from Unique. Complaint para. 9(b). GMI paid Unique $16,755.00. Complaint para. 12(b). Unique is out $58,245.00. There is no unjust enrichment, except by GMI.

---

[2] "Seller" refers to Plaintiff-GMI Group, Inc.

## COUNT III

### **PREFERENCE PAYMENTS**

Unique received no payments in the 90 days preceding the bankruptcy therefore there are no preference payments to recover.

## COUNT IV

### **FRAUDULENT TRANSFERS**

GMI asserts that is was insolvent on the date of each transaction. Complaint para. 42. If true, GMI committed fraud when executing the PSA. GMI claims that the payments to Unique were made to defraud its creditors. Complaint para. 40. If true, GMI has unclean hands. If GMI is insolvent, how did they borrow $750,000 in the bankruptcy case?

## COUNT V

### **CLAIM TO DETERMINE VALIDITY, PRIORITY OR EXTENT OF SECURITY INTERESTS**

Because this is not a loan, as set forth above, and GMI has a perfected UCC in the receivables, there is no legal basis for this Court to rule Unique is not secured.

## COUNT VI

### **CLAIM ISSUES**

Unique has filed a proof of claim so this count is moot. Further, there are no preference payments and under New York law, the transaction is not a loan and therefore can not be usurious.

## COUNT VII

### UNCONSCIONABILITY

GMI has set forth no facts or law to support theses allegations. To the contrary, the facts indicate that GMI has acted in bad faith. They allege that they were insolvent when they sold their receivables. They immediately switched bank accounts. The principals fraudulently transferred their home to a trust. No, the unconscionable actors are GMI and Ms. Dang.

### CONCLUSION

Because the pleadings and the evidence show there is no cause of action upon which relief may be granted and there is no genuine issue as to any material fact, Unique is entitled to judgement as a matter of law. Unique is owed at least $136,967.62 plus costs and fees, Therefore, this Court should enter summary and final judgement in Unique's favor and against the Debtor.

WHEREFORE, Defendant Unique Funding Solutions, LLC, requests the entry of final summary judgement in its favor and against the Debtor-GMI Group, Inc. and find that Unique's claim of $136,967.62 is valid and enforceable secured claim against GMI and for any other relief as this Court deems just.

Dated: March 26, 2019.

Respectfully submitted,

/s/ Mathew A. Schuh
Mathew A. Schuh, Esq.
Georgia Bar No.: 630253
Mathew A. Schuh, PC
Two Midtown Plaza, Suite 1350
1349 West Peachtree Street
Atlanta, Georgia 30309
(404) 277-8421
matt@schuhpc.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:                                    ) | |
| ) | CHAPTER 11 |
| GMI GROUP, INC.,                    ) | |
| ) | |
| ) | CASE NO. 19-52577-PMB |
| Debtor.                         ) | |
| _____) | |
| ) | |
| GMI GROUP, INC.,                    ) | |
| ) | |
| Plaintiff,                   ) | AD. PRO. NO. 19-05138-pmb |
| v.                                          ) | |
| ) | |
| UNIQUE FUNDING SOLUTIONS, LLC, ) | |
| ) | |
| Defendant.                   ) | |
| ) | |
| _____) | |

## NOTICE OF ASSIGNMENT OF HEARING

NOTICE IS HEREBY GIVEN that a Motion to Dismiss, or in the Alternative Summary Judgment has been filed in the above-styled case.

**A Hearing will be held on the 29th day of April 2019, at 2:00 p.m., Courtroom 1202, Richard B. Russell Federal Building & U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk, but you are not required to do so. If you file a written response, you must attach a certificate

stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. You must also mail a copy of your response to the undersigned at the address stated below.

This 26th day of March 2019.

/s/Mathew A. Schuh
Georgia Bar No. 630253

MATHEW A. SCHUH, PC
Two Midtown Plaza, Suite 1350
1349 West Peachtree Street
Atlanta, Georgia 30309
(404) 277-8421

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| GMI GROUP, INC., ) | |
| ) | |
| ) | CASE NO. 19-52577-PMB |
| Debtor. ) | |
| ) | |
| ) | |
| GMI GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | AD. PRO. NO. 19-05138-pmb |
| v. ) | |
| ) | |
| UNIQUE FUNDING SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that on March 26, 2019, a true and correct copy of the foregoing motion to dismiss and notice of hearing was served electronically via the Court's ECF system and via regular mail upon those parties registered to receive notice thereby, including the following parties:

Shayna M. Steinfeld, Esq.
Steinfeld & Steinfeld, PC
P.O. Box 49446
Atlanta, Georgia 30359


       /s/ Mathew A. Schuh
       Mathew A. Schuh, Esq.
       Georgia Bar No.: 630253