

**IT IS ORDERED as set forth below:**

**Date: April 23, 2019**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **19-52577-PMB** |
| | : | |
| **GMI GROUP, INC.,** | : | CHAPTER 11 |
| | : | |
| Debtor. | : | |
| ─────────────────────────── | : | |
| | : | |
| **GMI GROUP, INC.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | ADVERSARY PROCEEDING |
| v. | : | |
| | : | NO. **19-5138** |
| **UNIQUE FUNDING SOLUTIONS, LLC,** | : | |
| | : | |
| Defendant. | : | |
| ─────────────────────────── | : | |

## <u>ORDER GRANTING INJUNCTION</u>

This matter came before the Court on April 15, 2019 at 10:00 a.m. ("**Hearing**")  on

Debtor's *Emergency Motion for Temporary Restraining Order and Preliminary and Permanent*

*Injunction* (Docket No. 7) ("**Motion**") filed April 4, 2019.[1]   In the Motion, the Debtor seeks an order temporarily, preliminarily, and permanently restraining and enjoining the above-referenced Defendant ("**Defendant**") from pursuing any and all collection activities against the Debtor's principal, Kayla Dang ("**Ms. Dang**"), as the asserted guarantor of an obligation purportedly owed by the Debtor to Defendant.  The Debtor seeks such relief pursuant to 11 U.S.C. § 105 and Federal Rule of Civil Procedure 65, incorporated and made applicable herein by Federal Rule of Bankruptcy Procedure 7065.

The following parties appeared at the Hearing: the Debtor, counsel for the Debtor, Ms. Dang, an internal accountant for the Debtor ("**Accountant**"), and counsel for Defendant.   The Court heard arguments from both parties, took evidence and heard testimony from Ms. Dang and the Accountant.

As a general matter, the automatic stay of 11 U.S.C. § 362(a) does not extend to non-debtor guarantors in Chapter 11 cases.  *See Saxby's Coffee Worldwide, LLC v. John Larson et al.* (*In re Saxby's Coffee Worldwide, LLC*), 440 B.R. 369, 378 (Bankr. E.D. Pa. 2009)("The automatic stay of the Bankruptcy Code, 11 U.S.C. § 362(a), applies only to a debtor and may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor.")(internal citations and quotations omitted).  However, "[i]n certain circumstances, 'bankruptcy courts have the power to restrain legal action by creditors of the debtor against non-debtor third parties' under § 105."  *In re A & B Associates, L.P.*, 2017 WL 4511354, at *3 (Bankr. S.D. Ga. Sept. 29, 2017)(quoting *In re Monroe Well Service, Inc.*, 67 B.R. 746, 751 (Bankr. E.D. Pa. 1986)).

---

[1] The Motion was supplemented by a *Brief in Support of Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction* (Docket No. 8)( "**Brief**") filed by the Debtor on April 4, 2019.

The party seeking an injunction pursuant to Section 105 must demonstrate the following: "(1) a danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize; (2) a reasonable likelihood of a successful reorganization; (3) the balance of equities tips in favor of the debtor as opposed to the creditor who would be restrained; and (4) the public interest in successful bankruptcy reorganizations outweighs other competing societal interests." *Id.*

In the context of seeking an injunction to restrain a creditor from initiating and prosecuting collection activities against a non-debtor, courts have enjoined such actions under the following circumstances:

> 1. [W]hen the non-debtor owns assets which will either be a source of funds for the debtor or when the preservation of the non-debtor's credit standing will play a significant role in the debtor's attempt to reorganize;
>
> 2. [U]pon a showing that the non-debtor's time, energy and commitment to the debtor are necessary for the formulation of a reorganization plan; and
>
> 3. [W]here the relationship between the non-debtor and debtor is such that a finding of liability against the non-debtor would effectively be imputed to the debtor, to the detriment of the estate.

*In re Saxby's Coffee Worldwide, LLC*, 440 B.R. at 379.  Similarly, a court may enjoin an action against a non-debtor where such a proceeding would "adversely affect the debtor's estate where the issues were inextricably interwoven, where the action threatened to disrupt the debtor's operations, where there were common questions of law and fact, or where the action would diminish the debtor's ability to formulate a plan." *In re Friedman's, Inc.*, 336 B.R. 896, 898 (Bankr. S.D. Ga. 2005)(quoting *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990))(internal quotations omitted).

Upon consideration of the agreement of the parties, the testimony and other evidence introduced at this Hearing and at the Hearing in the companion case, Adversary Proceeding No.

3

19-05137,[2] and relevant law, and for the reasons set forth herein and on the record at the Hearing, it is hereby **ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that Defendant (and any successors in interest to Defendant) is hereby **ENJOINED** from pursuing any collection activities of any kind or character whatsoever against Ms. Dang including, without limitation (i) taking any further action to domesticate in Georgia any judgment it may have against her; (ii) enforcing in any way any such judgment; or (iii) engaging in any actions, including debits, setoffs, or garnishments, to collect on or otherwise enforce any obligation of Ms. Dang to Defendant so long as this Adversary Proceeding is pending; and it is further

**ORDERED** that as consideration for this Injunction, Ms. Dang shall not sell any real property assets owned by her or by an LLC owned by her without then escrowing net proceeds of such sales after the payment of expenses (such as repairs, renovations, delinquent mortgages, utilities, and other such expenses which add to the value of the underlying real estate). Such escrow shall be held in the escrow account of counsel for Debtor for use in the Chapter 11 Reorganization. It is, further

**ORDERED** that as further consideration for this Injunction, Ms. Dang understands that all similarly situated creditors are to be treated similarly and, in this regard, she shall *immediately*,

---

[2] The Court found the following facts at the Hearing: (i) Ms. Dang is the sole owner of the Debtor, and is its principal executive officer; (ii) Ms. Dang's efforts are critical to the operational and reorganizational efforts of the Debtor, and her time is presently fully subscribed in those activities; (iii) Ms. Dang owns personal assets that appear to be material and that she presently intends to use in connection with the reorganization efforts of the Debtor; (iv) although this Chapter 11 case is in its early stages and thus no specific reorganization has been proposed by the Debtor, there is not presently any evidence that would suggest that the Debtor will not be able to reorganize; and (v) the Court has before it in this Adversary Proceeding a complaint (that has not yet been responded to) in which the Debtor disputes the validity of Defendant's underlying claim on a basis that appears (based solely on the arguments made in the complaint and without prejudice to the Defendant's right to contest same) to be serious and nontrivial, suggesting that there may be a legitimate issue regarding the validity of such claim.

4

notify counsel for all restrained parties of any other actions taken by guarantors of other debts

against her personally while the Injunction is pending.

**[END OF DOCUMENT]**

PREPARED AND PRESENTED BY:

STEINFELD & STEINFELD, PC
/s/ Shayna M. Steinfeld
Shayna M. Steinfeld, State Bar No. 622895
31 Lenox Pointe, NE
Atlanta, Ga 30324
404/636-7786
shayna@steinfeldlaw.com

FREED HOWARD LLC
/ s/ Gary S. Freed.
Gary S. Freed, State Bar No 275275
Gerald Chichester, Georgia Bar No. 210202
101 Marietta Sreet, NW, Suite 3600
Atlanta, Ga 30303
470/839-9300
gary@freedhoward.com
gerald@freedhoward.com

Attorneys for Plaintiff, GMI Group, Inc.

READ AND APPROVED:

 MATHEW A. SCHUH, PC
/s/ Mathew A. Schuh.
Mathew A. Schuh, State Bar No. 630253
(Signed by Shayna M. Steinfeld
By Express Permission Granted April 23, 2019)
Two Midtown Plaza, Suite 1350
1349 West Peachtree Street
Atlanta, GA 30309

DISTRIBUTION LIST

Shayna M. Steinfeld, Esq.
Steinfeld & Steinfeld, PC
31 Lenox Pointe, NE
Atlanta, GA 30324

Gary S. Freed, Esq.
Gerald Chichester, Esq.
Freed Howard, LLC
101 Marietta Sreet, NW, Suite 3600
Atlanta, GA 30303

GMI Group, Inc.
130 Stone Mountain Street
Lawrenceville, GA 30046

Unique Funding Solutions, LLC
2715 Coney Island Avenue
Brooklyn, NY 112235

Mathew A. Schuh,Esq.
Mathew A. Schuh, PC
Two Midtown Plaza, Suite 1350
1349 West Peachtree Street
Atlanta, GA 30309

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303